IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

MARSELLA D. MILES,           :
                             :
            Plaintiff,       :
                             :
      VS.                    :      NO. 4:26-cv-370-CDL-CHW
                             :
Warden RYAN BELAND;          :
JAMAEL DENNIS,               :
                             :
            Defendants.      :
_____    :

## ORDER

Plaintiff Marsella D. Miles, a prisoner in Rutledge State Prison in Columbus, Georgia, filed a 42 U.S.C. § 1983 complaint and amended complaint.  ECF No. 1; ECF No. 4.  He also filed an incomplete, unsigned application to proceed without prepayment of the filing fees.  ECF No. 2.  Should Plaintiff wish to proceed with this action, he must file a recast complaint that complies with the instructions shown below and he must submit a completed application to proceed *in forma pauperis* and a certified copy of his trust fund account statement, as explained in full below.

## RECAST COMPLAINT

In his complaint and amended complaint, Plaintiff states that he was raped by Defendant Jameal Dennis.  ECF No. 1 at 5; ECF No. 4 at 2.  Dennis is a prisoner at Rutledge State Prison.  *Id.*  Plaintiff faults Warden Ryland Beland for failing to properly investigate the matter and have criminal charges brought against Dennis.

As currently pled, Plaintiff's complaint fails to state a claim. Prisoner Jameal Dennis is not a proper defendant in a 42 U.S.C. § 1983 action. To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). Dennis is not a person acting under color of state law. Thus, he is not liable under 42 U.S.C. § 1983. Plaintiff, therefore, should refrain from naming him as a defendant in the recast complaint.

The Court can neither prosecute Jameal Dennis nor force Warden Ryland Beland to file criminal charges against Dennis. As a private citizen, Plaintiff cannot initiate criminal pleadings on his own initiative, because "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." *Otero v. U. S. Attorney Gen.*, 832 F.2d 141, 141 (11th Cir. 1987) (citation omitted); *United States v. Nixon*, 418 U.S. 683, 693 (1974) (citation omitted) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."). Additionally, federal courts have no authority to order state or federal law enforcement agencies or prosecutors to initiate investigations or prosecutions. *Nixon*, 418 U.S. at 693.

Plaintiff states that Dennis "was put in [his] room for behavior[al] issues." ECF No. 4 at 2. This allegation suggests that Plaintiff may be attempting to raise an Eighth Amendment deliberate indifference to safety claim. Jail and prison officials have a duty to protect inmates from violence at the hands of other inmates. *Mosley v. Zachery*, 966

F.3d 1265, 1270 (11th Cir. 2020).  Not every instance of violence between inmates "translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Rather, it is only "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate [that] violates the Eighth Amendment." *Id.* at 828.  To state a claim for deliberate indifference to an inmate's safety, a prisoner must allege facts to show: (1) a substantial risk of serious harm; (2) deliberate indifference to that risk; and (3) causation.  *Bowen v. Warden Baldwin State Prison*, 826 F.3d 1312, 1320 (11th Cir. 2016); *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013).

If Plaintiff is attempting to raise such a claim, he must name the defendant or defendants who put Dennis in his cell and must provide facts sufficient to show that these defendants were subjectively aware of the risk of harm posed by Dennis and disregarded the risk by acting with subjective recklessness.  *Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc) (quoting *Farmer*, 511 U.S. at 839).  Warden Beland is not liable simply because he is the warden of the prison.  Instead, he may be responsible only if he personally participated in Dennis' placement in Plaintiff's cell or if there is a causal connection between Beland's actions and the placement of inmate Dennis in Plaintiff's cell. *See  Keith v. Dekalb Cnty.*, 749 F.3d 1034, 1048 (11th Cir. 2014) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)).  Causal connections can be established by widespread abuse that puts a supervisor on notice.  *Id.*  But such abuse "must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Id.* (citation omitted).  Alternatively, a plaintiff may state the necessary causal connection

when he alleges "a supervisor's custom or policy . . . result[s] in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Id*. (alteration in original) (citation omitted).

It also appears that Plaintiff may not have exhausted available administrative remedies. ECF No. 1 at 3. Before filing a 42 U.S.C. § 1983 complaint, Plaintiff must have fully exhausted any administrative remedies Rutledge State Prison or the Georgia Department of Corrections requires following a sexual assault. Otherwise, that complaint may be dismissed. See 42 U.S.C. § 1983.

If Plaintiff wishes to proceed with this action, he has **ONE** opportunity to recast his complaint. Only **one sole operating complaint** is permissible, and his recast complaint will supersede and take the place of his original and amended complaints. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (citation omitted) (stating that when an amended complaint is filed, the previously filed complaint becomes "a legal nullity"). The Court, therefore, will not refer to any previous complaints or exhibits to determine whether Plaintiff has stated a claim. Plaintiff may not attach any exhibits, declarations, or other attachments to the recast complaint.

The recast complaint must be no longer than **TEN (10) PAGES** total (this includes the form and any additional pages that Plaintiff attaches). Plaintiff must write legibly, answer every question on the 42 U.S.C. § 1983 form (including the questions regarding exhaustion of administrative remedies), and only write on one side of any additional

4

pages he attaches to the standard complaint form. Plaintiff should not include legal arguments or conclusions.

In his recast complaint, Plaintiff must list each Defendant that he wants to sue in the heading. In the body of his complaint or statement of claim section, Plaintiff must again **LIST EACH DEFENDANT BY NAME** and tell the Court exactly how that Defendant allegedly violated Plaintiff's constitutional or federal statutory rights and when. Plaintiff must link the alleged constitutional violation to a named Defendant. Plaintiff must keep in mind, as explained above, supervisory prison officials are not liable for the unconstitutional act of their subordinates. Thus, if Plaintiff names Defendant Beland in his recast complaint, he must allege facts sufficient to connect Stancil to any alleged constitutional violation.

### MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff filed and incomplete and unsigned motion to proceed *in forma pauperis*. ECF No. 2. A prisoner or pretrial detainee seeking leave to proceed without prepayment of the filing fee must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Thus, Plaintiff must complete the enclosed application to proceed *in forma pauperis* and file a certified copy of his prisoner trust fund account statement.

Plaintiff should keep in mind that even if he is allowed to proceed without prepayment of the filing fee, he is still responsible for the full payment of the $350.00

filing fee.  28 U.S.C. § 1915(b)(1).  Money will be automatically deducted from Plaintiff's trust fund account until the $350.00 filing fee is paid in full.  Plaintiff will be required to pay the filing fee regardless of whether he is successful with the suit.

In conclusion, if Plaintiff wishes to proceed with this action, it is **ORDERED** that **WITHIN FOURTEEN (14) DAYS** from the date shown on this Order, Plaintiff must file a recast complaint that complies with the instructions shown above and submit a proper motion to proceed without the prepayment of the filing fee, which should include a certified copy of his trust fund account statement.  If Plaintiff fails to fully and timely comply with this Order, his action will be dismissed.  Also, if Plaintiff fails to keep the Court informed of any change of address, his action may be dismissed.

The Clerk of Court is **DIRECTED** to forward to Plaintiff a standard §1983 form, the necessary *in forma pauperis* paperwork, and a copy of this Order, all showing Plaintiff's civil action number.

**SO ORDERED and DIRECTED**, this 8th day of April, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge