**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| **MARSELLA D MILES,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 4:26-cv-370-CDL-CHW** |
| | : | |
| **WARDEN RYAN BELAND,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## <u>ORDER</u>

Pending before the Court are the claims of *pro se* Plaintiff Marsella D. Miles, an inmate in the Rutledge State Prison in Columbus, Georgia, seeking relief pursuant to 42 U.S.C. § 1983. On May 5, 2026, the Court denied Plaintiff's motions to proceed *in forma pauperis* and ordered him to either pay the Court's $405.00 filing fee in full or to submit a renewed motion for leave to proceed *in forma pauperis*, containing a certified copy of his prison trust fund account information, showing his present inability to pay that amount. Plaintiff was given fourteen (14) days to comply, and he was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of his case. *See generally* ECF No. 8.

The time for compliance passed without a response from Plaintiff. As such, the Court ordered Plaintiff to respond and show cause why this case should not be dismissed for Plaintiff's failure to comply with the orders and instructions of the Court. Plaintiff was again given fourteen (14) days to respond, and he was again ordered to comply with the

May 5th Order if he wished to proceed with this case. He was also warned again that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of this case. *See generally* ECF No. 9.

The time for compliance has again expired without a response from Plaintiff. A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with the court's orders. *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240-41 (11th Cir. 2009) (first citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); and then citing Fed. R. Civ. P. 41(b)) (finding court did not err in dismissing the third amended complaint for failure to follow the court's instructions regarding how to amend the complaint). Dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." *Owens v. Pinellas Cnty. Sheriff's Dep't*, 331 F. App'x 654, 656 (11th Cir. 2009) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)) (upholding dismissal without prejudice of *pro se* prisoner's complaint for failure to follow court's instructions). This action is therefore **DISMISSED without prejudice** because Plaintiff failed to comply with the Court's May 5, 2026 Order.

**IT IS SO ORDERED** this 22nd day of July, 2026.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

2